# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Merlin Lkent Williams, | Case No. 23-cv-0086 (WMW/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Mississippi, et al., | |
| Defendants. | |

Plaintiff Merlin Lkent Williams is a prisoner of the State of Mississippi. Mr. Williams brings this action against the State of Mississippi, various officials of the State of Mississippi, a handful of municipalities and political subdivisions of the State of Mississippi, and the National Criminal Information Center for alleged violations of his civil rights ("Complaint") (ECF No. 1).

Under 28 U.S.C. § 1391(b),

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Mr. Williams's Complaint does not satisfy any of these conditions. Specifically, Mr. Williams: (1) does not allege any Defendant resides within the State of Minnesota; (2) does not allege an

event or omission that gives rise to his Complaint occurred in the State of Minnesota; and (3) Mr. Williams could have brought this action in a more appropriate judicial district—for example, he could have brought it in either of the federal district courts of the State of Mississippi. (*See* ECF No. 1 at 6.)

Under 28 U.S.C. § 1391(e), Mr. Williams may bring an action against the United States or any agency of the United States in any judicial district where he resides if no real property is involved in the action. *See* 28 U.S.C. § 1391(e). While Mr. Williams names one federal defendant to this lawsuit ("United States National Criminal Information Center"), venue is similarly inappropriate under section 1391(e) because there is no reason to believe that Mr. Williams, who is incarcerated in Mississippi, is now—or has ever been—a resident of the State of Minnesota.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court has reviewed Mr. Williams's Complaint and does not believe that he has established a plausible basis for relief against any of the Defendants.[1] Accordingly, the Court finds that transferring this matter to another venue would not further the interest of justice and recommends that it be dismissed without prejudice under section 1406(a). Mr. Williams remains free to refile this lawsuit in a more appropriate venue if he believes he is entitled to relief.

Finally, Mr. Williams twice applied for *in forma pauperis* ("IFP") status (ECF Nos. 2 & 9), and filed a "motion for leave to file" a document that has already been filed and docketed in this matter, (ECF No. 6). Dismissing this action renders Mr. Williams's IFP applications moot.

---

[1] To the extent the Court is able to decipher Mr. Williams's Complaint, Mr. Williams appears attack to attack the validity of his conviction or sentence. (*See generally* ECF No. 1.) Any such claims are precluded by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Mr. Williams's remaining motion is similarly moot because the document he seeks leave to file has already been filed. The Court therefore further recommends that each of Mr. Williams's three pending motions be denied as moot.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1406(a).

2. Mr. Williams's applications to proceed *in forma pauperis* (ECF Nos. [2] & [9]) be **DENIED AS MOOT**.

3. Mr. Williams's Motion for Leave to File (ECF No. [6]) be **DENIED AS MOOT**.

Dated: March 2, 2023               *s/ Dulce J. Foster*
                                   DULCE J. FOSTER
                                   United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).