UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Merlin Lkent Williams, | Case No. 23-cv-00086 (WMW/DJF) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| State of Mississippi, et al., | |
| Defendants. | |

---

This matter is before the Court on the Report and Recommendation ("R&R") issued by United States Magistrate Judge Dulce J. Foster on March 2, 2023. The R&R recommends dismissing the complaint. Plaintiff Merlin Lkent Williams filed a timely objection to the R&R. Defendants neither objected to the R&R nor replied to Williams's objections. For the reasons stated below, the Court adopts the R&R, dismisses the case without prejudice, denies Williams's petitions to proceed *in forma pauperis* ("IFP") as moot and denies Williams's motion for leave to file as moot.

## BACKGROUND

Williams, who is imprisoned by the State of Mississippi, has named as defendants in this lawsuit the State of Mississippi, various officials and political subdivisions of that state and the National Criminal Information Center. Williams filed a complaint with this Court, alleging that his incarceration violates his rights, which Williams calls property claims. Neither Williams nor any of the twenty-five defendants has any connection with the State of Minnesota.

## ANALYSIS

The Court reviews *de novo* the portions of an R&R to which a party has objected and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A party's objections to an R&R must specifically address the portions of the magistrate judge's report and recommendation to which objections are made and offer a basis for the objections. *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008). The Court reviews objections that restate arguments that were made to and considered by the magistrate judge for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017 (D. Minn. Mar. 30, 2015). In doing so, the Court does not consider new evidence that was not submitted to the magistrate judge for consideration. *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, No. 15-2666, 2017 WL 137257, at *2 (D. Minn. Apr. 13, 2017) (citing *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000)). Absent specific objections, the Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). The Court liberally interprets a *pro se* party's objections. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

Williams objects to the magistrate judge's conclusion that the District of Minnesota is not an appropriate venue for this case, arguing that the Constitution is silent as to the appropriate venue for this case. In light of Williams's objection, the Court reviews the R&R *de novo*. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (confirming that the

2

United States Court of Appeals for the Eighth Circuit prefers *de novo* review of R&R objections, even when the objections might lack specificity).

> I. **Sufficiency of the Pleadings**

As an initial matter, the Court reviews *sua sponte* a *pro se* complaint to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint[] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A. The Court liberally interprets Williams's *pro se* complaint—just as it does his *pro se* objection to the R&R. But Williams, nevertheless, must satisfy the pleading standards of the federal courts. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) and *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

The Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). The factual allegations are sufficient if they "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a cognizable claim for relief from a conviction or sentence, a plaintiff must "demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

> A. **Venue**

The R&R concluded that Williams's complaint does not satisfy any of the conditions required for venue in the District of Minnesota. The R&R recommends dismissal of the case because Williams's claims would be foreclosed in the proper venue,

and transfer to another district, therefore, would be futile. Williams objects to this conclusion. Williams argues that the United States Constitution does not mention venue and the magistrate judge erred by concluding that the United States District Court for the District of Minnesota is an improper venue for this case.

The venue of all civil actions brought in district courts of the United States is governed by 28 U.S.C. § 1391. A plaintiff may bring a civil action in any of the following: (1) a judicial district in which any defendant resides, as long as all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. 28 U.S.C. § 1391(b). Alternatively, a plaintiff may bring a civil action against the United States or any agency of the United States in any judicial district where the plaintiff resides, provided the dispute does not involve real property. 28 U.S.C. § 1391(e).

"The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

A plaintiff does not need to plead proper venue. *See United States v. Orshek*, 164 F.2d 741, 742 (8th Cir. 1947) (holding that the defendant bears the burden of proving improper venue); *see also Klepper Krop, Inc. v. Hanford*, 411 F.Supp. 276, 280 (D. Neb.

4

March 30, 1976) ("although plaintiffs have not alleged venue in their complaint . . . venue is an affirmative defense which need not be included in plaintiffs' complaint"). Typically, venue is an affirmative defense for the defendant to raise. Fed. R. Civ. P. 12(b)(3). A district court may *sua sponte* review a *pro se* prisoner's complaint for improper venue when the face of the complaint lacks venue and is frivolous, malicious or fails to state a claim. *Hurt v. United States*, No. 4:20-cv-0038-PLC, 2020 WL 4220479 at *2-3 (E.D. Mo. Jul. 23, 2020), *aff'd*, 20-2684, 2020 WL 8463626 (8th Cir. Sept. 24, 2020).

Here, having conducted a *sua sponte* review of Williams's pleadings, *see* 28 U.S.C. § 1915A, the Court concludes that none of the defendants has any connection to the District of Minnesota. Venue for Defendants is improper in the United States District Court for the District of Minnesota because no individual defendant resides in this District and no part of the events underlying the action occurred in this District. *See* 28 U.S.C. § 1391(b). And for the same reasons this Court lacks personal jurisdiction over any of the Defendants. *See* 28 U.S.C. § 1391(b). Additionally, for Defendant National Criminal Information Center, venue is improper in the District of Minnesota because, although the National Criminal Information Center is an agency of the United States and the action does not involve real property, Williams is not a resident of the District of Minnesota. *See* 28 U.S.C. § 1391(e). Therefore, the Court concludes that venue is improper in the District of Minnesota.

As venue is improper, a decision whether to dismiss the action or to transfer it to an appropriate venue is warranted. Williams's complaint describes the action as a property claim. The action challenges the validity of Williams's conviction and confinement. Because Williams challenges the validity of his conviction and confinement, the complaint

must allege that they have already been invalidated. *See Heck*, 512 U.S. at 487. But the complaint does not do so. Consequently, the complaint fails to state a claim upon which relief may be granted.

Transfer of the case to an appropriate venue would not serve any purpose. Williams's objection as to the proper venue, therefore, is overruled.

### II. Williams's IFP Applications and Motion for Leave to File

Williams also filed two IFP applications and a motion for leave to file the complaint. In light of the decision to dismiss the complaint, both IFP applications are moot. Williams's motion for leave to file is moot because, as the magistrate judge correctly noted, the motion requests permission to file a document that has already been filed.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The March 2, 2023 R&R, (Dkt. 10), is **ADOPTED**.

2. This matter is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1406(a).

3. The applications to proceed *in forma pauperis,* (Dkts. 2 and 9), are **DENIED AS MOOT.**

4. The Motion for Leave to File, (Dkt. 6), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 18, 2023　　　　　　　　　　　　s/Wilhelmina M. Wright  
　　　　　　　　　　　　　　　　　　　　　Wilhelmina M. Wright  
　　　　　　　　　　　　　　　　　　　　　United States District Judge